IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY GRAVES, ) | |
| ID # 1429082, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:12-CV-5259-M-BH |
| ) | |
| WILLIAM STEPHENS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is *Petitioner's Objections to the Court Order Adopting the Findings and Recommendation of the United States Magistrate Judge; and Petitioner's Request for the Court to Rescind, in part, the Court's Order and Grant an Evidentiary Hearing*, received on January 15, 2014 (doc. 20). The filing should be construed as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and **DENIED**.

**I.  BACKGROUND**

On December 27, 2012, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 Dallas County conviction for aggravated assault on grounds of an illegal sentence, insufficient evidence, prosecutorial misconduct, and ineffective assistance of counsel. (doc. 3.) On December 27, 2013, the Court entered judgment denying the habeas petition on its merits. (doc. 19.) The petitioner now seeks to have this judgment rescinded and to have an evidentiary hearing because the analysis of his ineffective assistance of counsel claims was allegedly flawed. (doc. 20 at 1-2.) Alternatively, he asks that his filing be considered as a notice of appeal, a motion to proceed *in forma pauperis* on appeal, a motion to appoint counsel on appeal, and a

motion for a certificate of appealability. (*Id*. at 4.)

## II.  RULE 60(b)

Because the petitioner seeks to have the judgment "rescinded" in this case, his filing should be construed as a motion for relief from judgment. Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6).

Because the petitioner does not argue mistake, fraud, that the judgment is void or that it has been discharged, and he does not assert that any newly discovered evidence exists, his motion is properly construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.  In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be

liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Here, the petitioner simply re-urges some of the same grounds that he previously presented. He had a fair opportunity to present his claims, his claims were denied on their merits, and he has the opportunity to appeal the judgment to the Fifth Circuit. The petitioner has shown no extraordinary circumstances that demonstrate a reason to disturb the final judgment in this case, and his motion for relief from judgment and related motion for evidentiary hearing should be denied.[1]

### III. RECOMMENDATION

*Petitioner's Objections to the Court Order Adopting the Findings and Recommendation of the United States Magistrate Judge; and Petitioner's Request fo the Court to Rescind, in part, the Court's Order and Grant an Evidentiary Hearing*, received on January 15, 2014 (doc. 20), should be construed as a motion for relief from judgment pursuant to Rule 60(b) and **DENIED**. The petitioner's request that his filing be considered as a notice of appeal, a motion to proceed *in forma pauperis* on appeal, a motion to appoint counsel on appeal, and a motion for a certificate of appealability should be denied. The order accepting the recommendation should **ADVISE** him that (1) he must file a separate notice of appeal and a separate motion to proceed *in forma pauperis*,

---

[1] Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts provides: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." The Court previously determined that an evidentiary hearing was not warranted in this case. (*see* doc. 16 at 17.) No hearing is warranted now.

along with a certificate of inmate trust account; (2) the notice of appeal must be filed within thirty days after a Rule 60(b) motion is denied by the district court, *see* FED. R. APP. PROC. 4(a)(1)(A), (4)(A); (3) this Court has already denied him a certificate of appealability (*see* doc. 18); and (4) pursuant to the *Plan for Representation on Appeal Under the Criminal Justice Act,* of the Judicial Council of the Fifth Circuit Court of Appeals, the determination of whether to appoint counsel to represent the petitioner on appeal rests with the Fifth Circuit.

**SIGNED this 21st day of January, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE